diately due and payable, . . . ." The note was secured by a deed of trust on respondent's house, and default might have resulted in foreclosure by the holder under the deed of trust. Such a loss would not be compensable in money damages. Respondent's remedy at law would not be "plain, adequate, complete, and efficient" so as to defeat the jurisdiction of equity to decree specific performance. *Easley v. Easley,* 333 S.W.2d 80, 86 (Mo.1960). The order of the trial court was proper.

Respondent has filed an affidavit with this court stating that she has sold her home and satisfied the note. She claims she has paid Twenty-Four Thousand Three Hundred Thirty-Eight Dollars and Twenty-Six Cents ($24,338.26) to the holder and that her damages are now fixed. In her brief she suggests that we remand the case to the trial court with instruction to enter a judgment in favor of respondent in the above amount. This is a matter not properly before us and can be disposed of in the trial court.

Affirmed.

STEWART, P. J., and STEPHAN, J., concur.

**R. W. D., Respondent,**

v.

**L. J. D., Appellant.**

**No. 39056.**

Missouri Court of Appeals,
St. Louis District,
Division One.

April 25, 1978.

Motion for Rehearing and/or Transfer
Denied June 8, 1978.

Application to Transfer Denied
July 24, 1978.

Prudence L. Fink, Union, for appellant.

Gael D. Wood, Jenny, Cole & Eckelkamp, Union, for respondent.

CLEMENS, Presiding Judge.

The parties were divorced and the wife has appealed from that part of the decree awarding primary child custody to the husband.

■ The husband has moved to dismiss the wife's appeal for failure on her brief to comply with Rules 84.04(c) and (h). Since custody of children is at issue we decline to dismiss the appeal and rule the case on the merits.

■ After thorough consideration, the trial court found that although both parties were fit to have custody of the children, their best interest would be served by granting primary custody to the husband, subject to liberal visitation by and tempo-

rary custody with the wife. The wife contends the award was not supported by substantial evidence and that the trial court erroneously applied the law in making the award.

We have reviewed the entire record and cases cited by the parties and find, contrary to the wife's contention, that there was competent, substantial evidence upon which the trial court based its award and that the trial court did not erroneously apply the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. 1976). Pursuant to Rule 84.16(b), V.A.M.R., an extended opinion would have no precedential value and we affirm.

SMITH and McMILLIAN, JJ., concur.

Betty L. CONDER,
Petitioner-Respondent,

v.

BOARD OF DIRECTORS OF WINDSOR SCHOOL, Consolidated District No. 1 of Jefferson County, Missouri, Respondent-Appellant.

No. 39299.

Missouri Court of Appeals,
St. Louis District,
Division No. 1.

April 25, 1978.
Motion for Rehearing and/or Transfer
Denied June 8, 1978.